J-E04005-24

2025 PA Super 152

| | | |
|---|---|---|
| IN RE: ADOPTION OF G.W., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: FAYETTE COUNTY CHILDREN AND YOUTH SERVICES | : : : : : : | |
| | : | No. 936 WDA 2023 |

Appeal from the Decree Entered August 2, 2023
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s): 27 ADOPT 2022

| | | |
|---|---|---|
| IN RE: ADOPTION OF T.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : | |
| APPEAL OF: FAYETTE COUNTY CHILDREN AND YOUTH SERVICES | : : : : | |
| | : | No. 937 WDA 2023 |

Appeal from the Decree Entered August 2, 2023
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s): 28 ADOPT 2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., STABILE, J., DUBOW, J., KUNSELMAN, J., MURRAY, J., McLAUGHLIN, J., SULLIVAN, J., and BECK, J.

CONCURRING OPINION BY LAZARUS, P.J.:      **FILED: JULY 21, 2025**

I concur. I agree with the majority that this case must be returned to the trial court for a full and proper analysis of whether CYS has proven, by clear and convincing evidence, that termination of Mother's parental rights best serves Children's needs and welfare. *See In the Int. of K.T.*, 296 A.3d 1085 (Pa. 2023). I write separately to caution CYS on remand that, in order

to prove termination under subsections 2511(a)(8) and (b), it must present a full and complete certified record to support its position to terminate Mother's rights to Children. As the majority points out, CYS used secondhand testimony of a caseworker as proof that Mother was diagnosed with schizophrenia in 2018 and that she refused to comply with medication management—serious accusations used to support its petitions to terminate Mother's parental rights. *See* N.T. Termination Hearing, 5/11/23, at 137 (caseworker testifying that, in January 2022, Mother gave her copy of 2021 psychological evaluation conducted by Melissa Franks, Psy.D., reporting Mother was diagnosed with schizophrenia in 2018 and she refused medication management); *id.* at 23-24 (supervising caseworker testifying another caseworker spoke with Melissa Franks, Psy.D., about Mother's mental health evaluation); *id.* at 24 (supervising caseworker testifying she "honestly do[esn't] recall if [a mental health evaluation] was part of what was sent to Fayette County"). Without copies of the reports confirming Mother's alleged diagnosis entered into the record or first-hand testimony from Dr. Franks, we have inappropriately diluted the petitioner's burden of proof by relying on hearsay testimony to prove its case.[1]

_____

[1] At trial, CYS entered the following exhibits into evidence: verified return of service for Father, proof of publication of termination action in newspaper, Westmoreland County July 9, 2021 order of adjudication for Children, Westmoreland County dependency petition for G.W. (entered into Fayette County record), Justice Works drug test dates for Mother, photos of locks on doors in Mother's home, client visit expectations, Justice Works policies of
*(Footnote Continued Next Page)*

We remind CYS that there is a reason why its evidentiary burden is significant in these matters.

> Termination of parental rights is among the most powerful legal remedies that the judicial system possesses. The decision to sever permanently a parent's relationship with a child is often bound up in complex factual scenarios involving difficult family dynamics and multiple service providers. Our trial courts are tasked with carefully considering and weighing all of the evidence presented at termination hearings in determining whether the petitioning party has met its burden of proving by clear and convincing evidence that termination meets the exacting standards outlined in the Adoption Act.

*In the Interest of S.K.L.R.*, 256 A.3d 1108, 1129 (Pa. 2021). *See also P.S.S.C.*, 32 A.3d 1281, 1285 (Pa. Super. 2011) ("[t]he well-established requirement, that the evidence be clear and convincing in order to prove termination under [section] 2511(a), exists to further protect against government interference with the family relation and the values it serves"). Moreover, as a reviewing Court, we are "not equipped to make the fact-specific determinations on a cold record, [unlike] trial judges [who] observ[e] the parties during the relevant hearing[s] and often presid[e] over numerous other hearings regarding the child and parents." *In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012). As a result, the trial court has the task of reviewing the evidence and making the ultimate legal conclusion as to whether there is credible clear and convincing evidence to terminate parental rights.

---

visitations, Justice Works list of Mother's visits, Justice Works charts on Mother's visits, Mother's December 21, 2021 Quest Lab report results. *See* Petitioner's Exhibit Receipt, 8/3/23.

I recognize that this case presents a unique factual and procedural history where: Mother parented G.W. for more than 6½ years and T.W. for more than 2½ years, albeit not without prior agency involvement, before their current dependency adjudication and placement; Mother was incarcerated more than once (and, in fact, was in prison during the termination hearing) since Children's placement; and the parties lived in two different counties that each ordered Mother to comply with separate and distinct family service plans in order to reunify with Children. It appears that transferring jurisdiction in this termination matter—and with it the concomitant burden of obtaining multi-jurisdictional records to support a termination matter—potentially complicated CYS' burden. However, CYS has the opportunity to petition for termination of Mother's parental rights with respect to Children at any point in the future when it has the clear and convincing evidence of record necessary to support its case. *See* 23 Pa.C.S.A. § 2512(a)(2) (agency may petition for termination of parental rights to minor); *id.* at § 2512(b)(1) (petition shall "set forth specifically those grounds and facts alleged as the basis for terminating parental rights").

For these reasons, I concur.

President Judge Emeritus Panella, Judge Stabile, Judge Kunselman, and Judge McLaughlin join this Concurring Opinion.